UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00153-FDW

| JOHN C. GATTON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BEN FAULKENBERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's pro se Motion for Reconsideration (Doc. No. 5) of the Court's Order dismissing his 42 U.S.C. § 1983 Complaint (Doc. No. 3).

I.     **RELEVANT BACKGROUND**

Plaintiff is a prisoner of the State of North Carolina who, while serving an 80-105 month sentence at a North Carolina Department of Public Safety ("NCDPS") correctional institution learned the State had filed a detainer seeking his transfer to Iredell County upon completion of his sentence, to face outstanding criminal charges there. On October 13, 2016, while still in NCDPS custody, Plaintiff filed a motion for speedy trial on those outstanding charges in the Iredell County Superior Court. The State did not respond to the motion.

Upon completion of Plaintiff's sentence, he was transferred to the Iredell County Jail to face the criminal charges there. On June 21, 2017, he filed a motion in Iredell County Superior Court seeking dismissal of all outstanding charges based upon a violation of state statutory and constitutional law, as well has federal constitutional law. Plaintiff filed his § 1983 Complaint in this Court on August 21, 2017, alleging that Defendants, two Iredell County prosecutors, had not

1

responded to either his speedy trial motion or his motion to dismiss. He also alleged that he still had not been tried on the Iredell County charges.

Plaintiff claimed Defendants' failure to either grant him a speedy trial or dismiss the charges against him violates North Carolina statutory and constitutional law. He also claimed Defendants violated his equal protection and due process rights under the federal constitution. He sought injunctive relief to compel dismissal of the Iredell County charges.

This Court dismissed the Complaint without prejudice on initial review for failure to state a claim upon which relief may be granted. (Doc. No. 3.) First, the Court concluded that abstention was appropriate because Plaintiff sought to use the federal court to compel Defendants to dismiss pending state criminal charges. (Order Dismiss. Compl. 3-4, Doc. No. 3 (citing Younger v. Harris, 401 U.S. 37, 44 (1971); Middlesex Cty. Ethics Commission v. Garden State Bar Assoc., 457 U.S. 423, 431 (1982) (reiterating that federal courts should abstain from interfering with ongoing state proceedings)).) The Court also concluded that because Plaintiff was challenging the very fact of his imprisonment in Iredell County, the relief he sought was not available by means of a § 1983 action. Instead, he could only obtain the remedy he desired – dismissal of the charges and immediate release – by means of a petition for writ of habeas corpus. (Order Dismiss. Compl. 4 (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.")).) Plaintiff seeks reconsideration of the Court's Order.

**II.     STANDARD OF REVIEW**

A district court "has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'"[1] Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill, 277 F.3d at 708. The Fourth Circuit has cautioned that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly,'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

## III. DISCUSSION

In his Motion, Plaintiff does not identify an intervening change in controlling law, new evidence not available at trial, or a clear error of law made by this Court. See id. As for whether a manifest injustice will occur if the Court does not alter or amend the judgment to grant him relief, Plaintiff relies on the same grounds argued in his Complaint – that the Iredell County charges must be dismissed because the State has failed to comply with a state statute providing for securing attendance of criminal defendants. (Br. Support. Rule 59(e) Mot. 1-2, Doc. No. 5-2 (citing N.C. Gen. Stat. § 15A-711).) As the Court explained in its Order dismissing the Complaint, however, the relief Plaintiff seeks cannot be obtained through 42 U.S.C. § 1983. (Order Dismiss. Compl. 4.) If Plaintiff believes he is in custody in violation of federal

---

[1] Petitioner's Motion is considered under Federal Rule of Civil Procedure 59(e) because it was filed within 28 days of entry of judgment. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

constitutional law, he may seek release from custody through a petition for writ of habeas corpus.  (Id. (citing Griffin v. Baltimore Police Dept., 804 F.3d 692, 695 (4th Cir. 2015) (reiterating that habeas corpus, not § 1983, is the exclusive federal remedy for state prisoners seeking release from confinement)).)  The Court notes that Plaintiff may also petition the state courts for habeas corpus relief.

**IV.     CONCLUSION**

Petitioner has failed to show the existence of any of the circumstances under which a Rule 59(e) motion may be granted.  See Hill, 277 F.3d at 708.  Accordingly, his Motion shall be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration (Doc. No. 5) is **DENIED**.

Signed: June 20, 2018

Frank D. Whitney
Chief United States District Judge